Asharfun Anisha Hafiz−Ali
1160 Snyder Lane
Walnut Creek, CA 94598



F I L E D

DEC 1 8 2023

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

In re Debtor(s):

Asharfun Anisha Hafiz−Ali

Petitioner/Debtor.

_____/

Case No.: 23−41434 CN 7
Chapter: 7

**MEMORANDUM OF LAW BY DECLARATION ON FEDERAL TERRITORIAL**
**JURISDICTION IN RESPONSE TO ORDER AND NOTICE DATED 12-4-2023 OF THE**
**HONORABLE JUDGE CHARLES NOVAK IN THE MATTER OF CASE NO.: 23−41434**
**CN 7- In Re: Debtor Asharfun Anisha Hafiz−Ali**

TO THE HONORABLE COURT AND ALL PARTIES OF INTEREST:

COMES NOW the Debtor, Asharfun Anisha Hafiz−Ali, as a pro se, who relies

upon **Haines v. Kerner**, 1972, 404 U.S. 519 in the above-captioned matter, serves this

notice of Debtor's **MEMORANDUM OF LAW BY DECLARATION ON FEDERAL**

**TERRITORIAL JURISDICTION IN RESPONSE TO ORDER AND NOTICE DATED 12-**

**4-2023 OF THE HONORABLE JUDGE CHARLES NOVAK IN THE MATTER OF**

**CASE NO.: 23−41434 CN 7- In Re: Debtor Asharfun Anisha Hafiz−Ali** in light of the

12-4-2023 **Order and Notice** executed by the Honorable Judge, Charles Novack at the

request of the Chapter 7 Trustee, Janina M. Hoskins pursuant to option (b) in said order,

to wit:

> (b) files a declaration which demonstrates that the failure to so comply is due to
> circumstances beyond the control of the debtor

Case: 23-41434    Doc# 22    Filed: 12/18/23    Entered: 12/18/23 14:32:02    Page 1 of 30

1.    The attached memorandum of law was executed in light of option (b) to address the concern/s of any filing requirements of tax returns under the thrust of the Internal Revenue Code.

Dated:  December _18th_, 2023

Sincerely,

_Anisha Hafiz Ali_

Asharfun Anisha Hafiz−Ali, Debtor

Asharfun Anisha Hafiz−Ali
1160 Snyder Lane
Walnut Creek, CA 94598

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

In re Debtor(s):                          Case No.: 23−41434 CN 7
                                          Chapter: 7

Asharfun Anisha Hafiz−Ali

Petitioner/Debtor.

_____/

## DECLARATION OF SERVICE

I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On  December  _18th_  A.D. 2023 I served by U.S. Mail a true copy of *Debtor's*
*MEMORANDUM OF LAW BY DECLARATION ON FEDERAL TERRITORIAL JURISDICTION*
*IN RESPONSE TO ORDER AND NOTICE DATED 12-4-2023 OF THE HONORABLE JUDGE*
*CHARLES NOVAK IN THE MATTER OF CASE NO.: 23−41434 CN 7- In Re: Debtor*
*Asharfun Anisha Hafiz−Ali with Exhibits A-C* in the UNITED STATES BANKRUPTCY
COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND, CALIFORNIA to:

Janina M. Hoskins, Chapter 7 Trustee
P.O. Box 158
Middletown, CA 95461
707-483-2910

And that I served the same by depositing in an envelope a copy of the above stated documents,
sealed the same and paid the required postage for mailing which was sent to the address herein
which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on:                          By: _____

Page **3** of 3

**MEMORANDUM OF LAW BY DECLARATION ON FEDERAL TERRITORIAL JURISDICTION IN RESPONSE TO ORDER AND NOTICE DATED 12-4-2023 OF THE HONORABLE JUDGE CHARLES NOVAK IN THE MATTER OF CASE NO.: 23-41434 CN 7- In Re: Debtor Asharfun Anisha Hafiz-Ali**

I, Asharfun Anisha Hafiz–Ali (**AAH-A**), Debtor, hereinafter Declarant, upon solemn declaration do aver, depose and state for the record under the penalty of perjury that the following facts are true and correct to the best of my current knowledge, understanding and belief.

1.      That I, **AAH-A**, Declarant, state that all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a witness Declarant will testify to their veracity.

2.      That the Tribunal identified herein as the United States Bankruptcy Court, Northern District of California, Oakland Division (hereinafter "**USBCNDOCOD**") is subject to the authority of the United States Congress as that legislative body is empowered by the Constitution of the United States for the united States of America.

3.      Typically, **territorial jurisdiction** in United States law refers to a <u>**court's power over events and persons within the bounds of a particular geographic territory**</u>. If a court does not have territorial jurisdiction over the events or persons within it, then the court cannot bind the defendant to an obligation or adjudicate any rights involving them. Territorial jurisdiction is to be distinguished from subject-matter jurisdiction <u>**which is the power of a court to render a judgment concerning a certain subject matter**</u>, or personal jurisdiction, <u>**which is the power of a court to render a judgment concerning particular persons, wherever they may be**</u>. Personal jurisdiction, territorial jurisdiction, subject-matter jurisdiction, and proper notice to the defendant are prerequisites for a valid judgment.

> All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer, or of its recognition or denial of the sovereignty of a foreign power, as appearing from the public acts of the legislature and executive, although those acts are not formally put in evidence, nor in accord with the pleadings. ***Jones v. United States***, 137 U.S. 202 (1890).

4.      That Declarant states that the territorial jurisdiction of the United States is land, assets, and property, owned by the United States of America.  All governments upon the Land called California are a creation of what is now called the United States of America, the confederacy, pursuant to the first Organic Laws of the United States of America namely the Declaration of Independence of July 4, 1776; and the Articles of Confederation November 15, 1777; The US Constitution of September 17, 1787, and the Northwest Ordinance of July 13, 1787, made a territorial government permanent, historically referenced as the more perfect Union, thus creating a separate government (Legislative Congress of the United States) to govern the

Case: 23-41434    Doc# 22    Filed: 12/18/23    Entered: 12/18/23 14:32:02    Page 4 of 30

same (owned) limited territory, land, assets, property, and subjects, on this same said Land. All Government deriving its authority from this 1787 Constitution have specific limited jurisdiction to [o]nly Land that constitutes its holdings, and to go beyond its personal holdings (Land) is unconstitutional, specifically prohibited being forbidden, by the very source of their authority, mainly the free inhabitants as plainly reflected in both the Tenth and Twenty-first Articles of the Amendment to the Constitution of the United States as reflected in California by Article I Section 1 supra.

5.      That federal jurisdiction (which is a power), **<u>can only be applied in federal territorial (place).</u>** It is well settled law that an **Act of Congress** is locally applicable in the District of Columbia, federal territories, federal possessions and federal enclaves.  See Title 28 USC §2071, §2072, Title 18 USC § 3156(a) (2), (5), (b) (2), FRCP Rule 81(d) (3), FRCrimP Rule 1(b) (9) ". . . **The laws of Congress in respect to those matters <u>do not extend into the territorial limits of the states</u>, [venue] but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government."** . . . *Caha v. United States*, 152 U.S. 211 (1894).  **"Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And it is only in these places or in the territories of the United States where it can exercise a general jurisdiction."** *New Orleans v. United States*, 35 U.S. 10 Pet. 662 662 (1836); *United States v. Dewitt*, 76 U.S. 9 Wall. 41 41 (1869); *Pollard's Lessee v. Hagan*, 44 U.S. 3 How. 212 212 (1845); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Foley Bros., Inc. v. Filardo*, 336 U.S. 281 (1949); *United States v. Spelar*, 338 U.S. 217 (1949);   Emphasis added bold and underline mine.

6.      That the specific application of the Internal Revenue Code in the American states added to the American Union is expressly estopped by the passage of the Twenty-first Amendment given the fact that the National Prohibition Act (**NPA**) (aka Volstead Act) was declared inoperative in the union of states party to the Constitution of the United States for the united States of America by the Supreme Court of the United States after the repeal of the Eighteenth Amendment (Prohibition Amendment) by the Twenty-first Amendment. See *United States v. Chambers*, (1934), 291 U.S. 217; *Massey v United States* (1934) 291 US 608, 78 L Ed 1019, 54 S Ct 532. *United States v Constantine* (1935) 296 US 287, 80 L Ed 233, 56 S Ct 223, 36-1 USTC ¶ 9009, 35-2 USTC ¶ 9655; *United States v Kesterson*, (1935) 296 US 299, 80 L Ed 241, 56 S Ct 229, 36-1 USTC ¶ 9010, 35-2 USTC ¶ 9656.

7.      That Title III of the same Volstead Act (**NPA**) was taken offshore to Puerto Rico and the Virgin Islands on August 27, 1935 ch 740, §17, 49 Stat. 876, Act June 26, 1936, ch 830, Title III, §329(c), 49 Stat. 1957 and subsequently was incorporated into the 1939 Internal Revenue Code as the sole enforcement authority for the IRC at section 3123 of the 1939 IRC and later amended in the 1954 IRC at section 5318 and later into the 1986 IRC at section 5314.  Today in IRC it is § 5314 and § 5557.

Case: 23-41434    Doc# 22    Filed: 12/18/23    Entered: 12/18/23 14:32:02    Page 5 of 30

8.    That Title III of the above **NPA** is the enforcement power of the current IRC and the above cases expressly prohibit the application of such in the union of states called several party to the Constitution of the United States for the united States of America.  Thus, how then can judge Novack and the Chapter 7 Trustee Janina M. Hoskins assert Title 11 U.S.C.§ 521(e)(2)(A)(i) as their authority to compel a Debtor physically located and living in Contra Cost County, California state to comply with the provisions of the IRC, an Act of Congress, in willful contumacy of the above rulings and not war against the Constitution?

9.    That pursuant to this subject of federal territorial jurisdiction we come to Title 11 U.S.C. itself, which defines the territorial jurisdiction for application of Title 11 U.S.C. at § 101(52):

> (52) The term "**State**" **includes the District of Columbia and Puerto Rico**, except for the purpose of defining who may be a debtor under chapter 9 of this title.
> Emphasis added **bold** mine

> Includes: "A term of limitation." - *Ex parte Martinez*, 56 Cal. App. 2d 473, 132 P. 2nd 901, 903.

Giving Hoskins and Novack the benefit of the doubt, . . .but how can two individuals with juris doctorates degrees not know the above definition?  This is beyond belief that two legally trained people could "blow it" this badly.  Or is it deliberate?

10.    That further proof of the lack of lawful authority for an Act of Congress to operate in California state outside of the territory located within the exterior territorial limits in California state that is "***owned by and ceded to the United States of America***" see your own Revenue & Taxation Code 130 (f) and the JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES REPORT OF THE INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES - PART II at this internet link: http://constitution.org/juris/fjur/fedjurisreport.pdf –

> there can be no dispute of such as the California State Lands Commission cites this very report as the authority for their definitions for various Categories of Legislative Jurisdiction at:
> http://archives.slc.ca.gov/Meeting_Summaries/2009_Documents/06-01-09/ITEMS_AND_EXHIBIT S/C55ExhG.pdf

> They state in part thus:

> ***These definitions have been copied from "Jurisdiction Over Federal Areas Within. the States. Report of the Interdepartmental Committee for the Study of Jurisdiction Over Federal Areas Within the States. Part II: A Text of the Law of Legislative Jurisdiction", Pages 10-11.*** This is the same report commissioned by then president Dwight D. Eisenhower supra.

11.    That, an Act of Congress has absolutely no jurisdiction or power to operate in

Case: 23-41434    Doc# 22    Filed: 12/18/23    Entered: 12/18/23 14:32:02    Page 6 of 30

California state whatsoever beyond the territorial venue that has been owned by and ceded to the United States of America located within the exterior territorial limits of California state pursuant to Article I, Section 8, Clause 17 of the supreme Law of the land! Declarant has recently been informed and believes and therefore alleged that levying war against the constitution is one of the criteria for public servants to be charged with treason. See Article III, Section 3, Clause 1 of supreme Law of the land and Article I Section 18 of the California Constitution. "***Treason against the State consists only in levying war against it, adhering to its enemies, or giving them aid and comfort***. A person may not be convicted of treason except on the evidence of two witnesses to the same overt act or by confession in open court." The U.S. Supreme Court has stated that ***"no state legislator or executive or <u>judicial</u> officer can war against the Constitution without violating his undertaking to support it***". ***Cooper v. Aaron***, 358 U.S. 1, 78 S. Ct. 1401 (1958). See also ***In Re Sawyer***, 124 U.S. 200 (188); ***U.S. v. Will***, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); ***Cohens v. Virginia***, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821). Emphasis added mine.

12.    That the U.S. Supreme Court, in ***<u>Scheuer v. Rhodes</u>***, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected <u>in his person</u> to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

13.    That further the term "**State**" is defined under California codes:
    17018. **State includes the District of Columbia, and the possessions of the United States**. (Amended by Stats. 1961, Ch. 537.) See **R&TC §17018**
**United States** defined:
    17017. **United States**, when used in a geographical sense, includes the states, the District of Columbia, and the possessions of the United States. (Amended by Stats. 1961, Ch. 537.) See **R&TC §17017.**
**Also,** The location of "**United States**", as defined by law, further confirms that the authority of any federal officer is restricted to "the District of Columbia, and not elsewhere." Title 4 U.S.C. § 72 supra. The **Uniform Commercial Code at § 9307(h)** states:
    "(h) **The United States is located in the District of Columbia.**"
Thus, the term "**State**" defined herein does not include any of the 50 states admitted into the American Union like California was on September 9, 1850. This state is altogether different to the "**State**" listed in R&TC 17018 as a matter of law seeing that this "**State**" belongs to the United States but not the United States of America. We are talking about two different animals here.

14.    That Declarant states the two definitions found at R&TC §17017, §17018 respectively, are essentially identical to what one would find in each Act of Congress addressing the issue of territorial jurisdiction application of federal laws. For example, the Federal Rules of Criminal Procedure at **Rule 1(b) (9)** provide:
    (b) Definitions. The following definitions apply to these rules:
    (9) **State includes the District of Columbia, and any commonwealth, territory, or**

possession of the United States.
Further one finds in the Federal Rules of Civil Procedure the same thing, to wit:
**FRCP 81(d) Law Applicable.**
(1) "**State Law**" Defined. When these rules refer to state law, the term "law" includes the state's statutes and the state's judicial decisions.
(2) "**State**" **Defined**. The term "**state**" **includes, where appropriate, the District of Columbia and any United States commonwealth or territory**.
(3) "**Federal Statute**" Defined in the District of Columbia. In the United States District Court for the District of Columbia, the term "**federal statute" includes any Act of Congress <u>that applies locally to the District.</u>**    Emp added mine

15.    That again regarding R&T Code § 130(7) supra.  This section of California law would seem to suggest that federal law is applied only in territory within exterior limits of California that is owned by and ceded to the United States of America.  If such is the case then for the **USBCNDOCOD** to conduct business in Alameda County, it must conduct such business on land that is owned by and has been ceded to the United States of America within the jurisdictional boundary of Alameda County. There is no evidence filed of record in the matter of **Case No.: 23–41434 CN 7** to Declarant's knowledge that the physical metes and bounds of the **USBCNDOCOD** is owned by and has been ceded to the United States of America pursuant to Article I Section 8, Clause 17 of the supreme Law of the land in conjunction with Title 40 U.S.C. § 3112 in further conjunction with Government Code §§120 – 127, and Debtor believes that none exist.  In fact and in good faith Debtor has obtained a certified copy of the Quitclaim Deed of said current metes and bound of 1300 Clay Street, Oakland, California upon which the USBCNDOCOD is physically seated and to Debtor's shock, the United States of America is not the owner.  Apparently, the current owner is Pacific Oak Strategic Opportunity Reit, Inc. of 11766 Wilshire Blvd., Suite 1670, Los Angeles, CA 90025, which just so happens to conduct its business interest under the thrust of **FEIN 263842535**.  A copy of the FEIN for the Pacific Oak Strategic Opportunity Reit, Inc. is attached herein as **Exhibit A** and made a part of this MOL.  Further, a copy of the Quitclaim Deed is attached herein as **Exhibit B** and made a part of this MOL.

16.    That further and just as nauseating to Declarant is the fact that the State Bar of California an alleged public corporation, to hear and read Article VI Section 9 of the California Constitution, is also conducting all of its business transactions under the thrust of **FEIN 263842535** as reflected and admitted on webpage of said State Bar of California at: https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Client-Trust-Accounting-IOLTA/Guidelines. A copy of the **FEIN 263842535** from the State Bar webpage is attached herein as **Exhibit C** and made a part of this **MOL**.  When one takes into consideration that each and every lawyers, judge, etc. are required to be members of the State Bar of California pursuant to Article VI Section 9 of the California Constitution and the State Bar Act of 1939 as amended in the Business and Profession Code while doing business under the thrust of said FEIN, or even a SSAN it boggles the mind that such individuals are really federal employees openly and notoriously waging war against the Constitution of the United States and of the State of California which is defined as treason at Article I Section 18 supra of the California Constitution.  This issue of law alone bears congressional investigation!

17.    Declarant by this Declaration chooses option (**b**) of Judge Novack's 12-4-2023 Order

and Notice which states:

> (b) files a declaration, which demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor;

18.     That Declarant in light of the issue of proper territorial jurisdiction, respectfully requests answers to the above questions that Declarant may be able to take the next step/s in the protection of Declarant's constitutionally secured property rights as guaranteed under Article I, Section 1 of California Constitution.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct to my current knowledge, understanding, belief and complete and not meant to mislead anyone so help me Almighty Yah.

Executed on December _18th_, 2023   By: _Anisha Hafiz-Ali_

**263842535**

# PACIFIC OAK STRATEGIC OPPORTUNITY REIT, INC.
## Employer Identification Numbers Registry

Employer Identification Number (EIN) is a unique identification number that is assigned to a business entity so that it can easily be identified by the Internal Revenue Service (IRS). The Employer Identification Number is commonly used by employers for the purpose of reporting taxes. The EIN is also known as a Federal Tax Identification Number. When it is used to identify a corporation for tax purposes, it is commonly referred to as a Tax Identification Number.

# E X H I B I T   A

# PACIFIC OAK STRATEGIC OPPORTUNITY REIT, INC.

| EIN | 263842535 |
|---|---|
| | An Employer Identification Number (EIN) is also known as a Federal Tax Identification Number, and is used to identify a business entity. Generally, businesses need an EIN. |
| Business Name | PACIFIC OAK STRATEGIC OPPORTUNITY REIT, INC. |
| | Conformed submission company name, business name, organization name, etc |
| CIK | 0001452936 |
| | Company's Central Index Key (CIK). The Central Index Key (CIK) is used on the SEC's computer systems to identify corporations and individual people who have filed disclosure with the SEC. |
| State of Incorporation | MD |
| | Company's State of Incorporation. The state of incorporation is the state where the entity has a domestic entity registration. I.e. the entity was first registered, NOT necessarily where the entity does business. |
| Phone | 949-417-6500 |
| | Business address telephone number |

# BUSINESS ADDRESS

| Address Line 1 | 11766 WILSHIRE BLVD. |
|---|---|
| | Business Address Line 1 |
| Address Line 2 | SUITE 1670 |
| | Business Address Line 2 |
| City | LOS ANGELES |
| | Business Address City |
| State | CA |
| | Business Address State |
| ZIP | 90025 |
| | Business Address Postal Code (ZIP) |

## MAILING ADDRESS

| | |
|---|---|
| *Address Line 1* | 11766 WILSHIRE BLVD. |
| | Mailing Address Line 1 |
| *Address Line 2* | SUITE 1670 |
| | Mailing Address Line 2 |
| *City* | LOS ANGELES |
| | Mailing Address City |
| *State* | CA |
| | Mailing Address State |
| *ZIP* | 90025 |
| | Mailing Address Postal Code (ZIP) |

## FEDERAL TAX IDENTIFICATION NUMBER: 263842535 (ADDITIONAL INFORMATION)

**ACCOMMODATION** EXHIBIT B

**RECORDING REQUESTED BY AND WHEN
RECORDED MAIL DOCUMENT TO:**
Scott Morehouse, Esq.
Sheppard, Mullin, Richter & Hampton
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626



OFFICIAL RECORDS OF ALAMEDA COUNTY
MELISSA WILK, CLERK-RECORDER
RECORDING FEES: $138.00

**ELECTRONICALLY RECORDED**

Situs: 505 14th St&&1300 Clay St
Oakland

_____ Space Above This Line for Recorder's Use Only _____

## QUITCLAIM DEED

A.P.N.: 002-0097-023 and 002-0097-033                    File No.: A04013-OX-272108

The Undersigned Grantor(s) Declare(s): No Consideration¹
CITY TRANSFER TAX $ N/A          R & T Code 11911
DOCUMENTARY TRANSFER TAX $ N/A
SURVEY MONUMENT FEE $ N/A

[        ] computed on the consideration or full value of property conveyed, OR
[        ] computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[        ] unincorporated area; [  ] City of , and
SURVEY MONUMENT FEE $ N/A

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, KBS SOR II Oakland City Center, LLC, a Delaware limited liability company (n/k/a Pacific Oak SOR II Oakland City Center, LLC) (**"Grantor"**), hereby remise, release and forever quitclaim to a Pacific Oak SOR II Oakland City Center, LLC, a Delaware limited liability company (f/k/a KBS SOR II Oakland City Center, LLC) (**"Grantee"**), the following described property in the City of Oakland, County of Alameda, State of California:

See attached EXHIBIT A and EXHIBIT B.

The purpose of this Quitclaim Deed is to evidence KBS SOR II Oakland City Center, LLC has changed its name to Pacific Oak SOR II Oakland City Center, LLC. There is no change in the proportional ownership interest of the property.

Dated: October 5, 2020

Case: 23-41434   Doc# 22   Filed: 12/18/23   Entered: 12/18/23 14:32:02   Page 14 of 30



**GRANTOR:**

KBS SOR II Oakland City Center, LLC (n/k/a Pacific Oak SOR II Oakland City Center, LLC),
a Delaware limited liability company

By:    KBS SOR II Acquisition VII, LLC (n/k/a Pacific Oak SOR II Acquisition VII, LLC),
        a Delaware limited liability company,
        its sole member

By:    KBS SOR US Properties II LLC (n/k/a Pacific Oak SOR US Properties II LLC),
        a Delaware limited liability company,
        its sole member

By:    KBS Strategic Opportunity Limited Partnership II (n/k/a Pacific Oak Strategic Opportunity Limited
        Partnership II),
        a Delaware limited partnership,
        its sole member

By:    KBS Strategic Opportunity REIT II, Inc. (n/k/a Pacific Oak Strategic Opportunity REIT II, Inc.),
        a Maryland corporation,
        its sole general partner

By:    
        Michael A. Bender, Chief Financial Officer

A.P.N.: 002-0097-023 and 002-0097-033       File No.: A04013-OX-272108

<table>
<tr><td>A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.</td></tr>
</table>

STATE OF _California_ )SS

COUNTY OF _Orange_ )

On _October 5, 2020_ before me, _Laurie Selwitz_, Notary Public, personally appeared _Michael A. Bender_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.       *This area for official notarial seal.*

Notary Signature

```
LAURIE SELWITZ
Notary Public - California
Orange County
Commission # 2275289
My Comm. Expires Feb 11, 2023
```

**EXHIBIT A**

[Attached]

# EXHIBIT A

The land referred to is situated in the County of Alameda, City of Oakland, State of California, and is described as follows:

PARCEL EE:

Parcel EE, Parcel Map 4976, filed February 27, 1987, Map Book 168, Page 8, Alameda County Records.

PARCEL E-1:

A non-exclusive easement appurtenant to Parcel EE above, for vehicular and pedestrian traffic, as granted in Section 3.1 of that certain instrument entitled "First Amended Grant of Easement Re: 14th Street Garage Driveway" recorded November 10, 1983, Series No. 83-213149, Official Records, over the following described land:

All that real property lying in that portion of Block 189 and Washington Street, as said Block and Street are shown on Boardman's Map of Oakland and Vicinity, filed April 23, 1883, Book 17 of Maps, Page 14, Alameda County Records, said Washington Street being subsequently vacated by City of Oakland Ordinance No. 8415 C.M.S. passed August 12,1971 and recorded January 21, 1972, Reel 3045, Image 122, Official Records, and being more particularly described as follows:

Commencing at the point of intersection of the Southern line of 14th Street with the Western line of Broadway as said streets are shown on the hereinabove mentioned map; thence along said Southern line of 14th Street, North 62° 35' 26" West, 252.00 feet; the bearing of said line of 14th Street being taken as North 62° 35' 26" West for the purpose of making this description; thence South commencing at the point of intersection of the Southern line of 14th Street with the Western line 27° 24' 34" West, 143.00 feet; thence North 62° 35' 26" West, 97.00 feet the actual point of beginning; thence South 27° 24' 34" West, 12.00 feet; thence North 62° 35' 26" West, 242.00 feet; thence North 27° 24' 34" East, 155.00 feet to a point on said Southern line of 14th Street; thence along last said line South 62° 35' 26" East, 40.00 feet; thence South 27° 24' 34" West, 42.00 feet to a point on a tangent curve, concave Northeasterly, with a radius of 73.00 feet; thence Southerly and Easterly, through a central angle of 90°, along the arc of said curve a distance of 114.67 feet; thence along the line tangent to last said curve, South 62° 35' 26" East, 129.00 feet; thence South 27° 24' 34" West, 28.00 feet to the actual point of beginning.

EXCEPTING FROM PARCEL E-1:

Those portions of the following described parcels lying above elevation 34.20 feet based on City of Oakland Vertical Datum:

1. (Parcel A) Being a portion of Parcels 10 and 11 of the Deed to the City of Oakland, recorded March 30, 1976, Reel 4309, Image 462, Official Records, and being more particularly described as follows:

Commencing at the Northwesterly terminus of that certain course described in the aforementioned Parcel 11, Reel 4309, Image 462, as South 62° 35' 26" 129.00 feet (the bearing of said course being taken as South 62° 35' 05" East for the purpose of this description); thence South 62° 35' 05" East, 29.00 feet from said Northwesterly terminus to the actual point of beginning; thence South 62° 35' 05" East, 18.40 feet; thence South 27° 24' 55" West, 40.01 feet; thence North 62° 35' 05" West, 18.40 feet; thence North 27° 24' 55" East, 40.01 feet to the actual point of beginning.

2. (Parcel B-2) Being portions of Block 189 and Washington Street, as said Block and Street are shown on Boardman's Map of Oakland and Vicinity, filed April 23, 1883, Book 17 of Maps, Page 14, Alameda County Records, said Washington Street being subsequently vacated by City of Oakland Ordinance No. 8415 C.M.S. passed August 12, 1971 and recorded January 21, 1972, Reel 3045, Image 122, Official Records, and being more particularly described as follows:

Beginning at the Southerly terminus of that certain course described as "South 27° 24' 34" West 28.00" in Parcel 1 of the Deed to the Redevelopment Agency of the City of Oakland, recorded March 30, 1976, Reel 4309, Image 438, Official Records; thence along the general Northeasterly line of said Redevelopment Agency Parcel, North 27° 24' 55" East (the bearing of said course being taken as North 27° 24' 55" East for the purpose of this description) 28.01 feet to an angle point therein; thence North 62° 35' 05" West, 81.60 feet to a Westerly line of said parcel; thence along said Westerly line South 27° 24' 55" West, 40.01 feet; thence leaving said Westerly line South 62° 35' 05" East, 98.91 feet; thence North 27° 24' 55" East, 12.00 feet to the general Northerly line of the aforementioned Redevelopment Agency Parcel (Reel 4309, Image 438); thence along said general Northerly line North 62° 35' 05" West, 17.31 feet to the point of beginning.

PARCEL E-2: ,

An exclusive easement, appurtenant to Parcel EE above, to construct, use, maintain, repair, alter, inspect, test, reconstruct and replace columns, bracings, reinforcements, footings and foundations, as granted in Section 3 of that certain instrument entitled "Easement Agreement (OB IV Supports)" recorded February 27, 1987, Series No. 87-059030, Official Records in certain volumetric spaces lying between the elevations of 9.50 feet and 34.20 feet (City of Oakland Vertical Datum) within the following described land:

1. Being a portion of Block 189 as said block is shown on "Boardman's Map of Oakland and Vicinity", filed in Book 17 of Maps at Page 14, Alameda County Records, described as follows:

Commencing at a point on the Southwesterly line of that certain parcel of land described as Parcel 11 (Ramp to 14th Street) in the Deed to the City of Oakland recorded March 30, 1976, on Reel 4309, Image 462, Alameda County Records, distant thereon North 62° 35' 05" West, 94.45 feet from the Southerly most corner thereof; thence leaving said Southwesterly line, North 27° 24' 55" East 6.00 feet to the point of beginning of this description; thence North 27° 24' 55" East 4.00 feet; thence North 62° 35' 05" West, 6.50 feet; thence South 27° 24' 55" West, 4.00 feet; thence South 62° 35' 05" East, 6.50 feet to the point of beginning.

2. Being a portion of Block 189 as said block is shown on "Boardman's Map of Oakland and Vicinity" filed in Book 17 of Maps at Page 14, Alameda County Records, described as follows:

Commencing at a point on the Southwesterly line of that certain parcel of land described as Parcel 11 (Ramp to 14th Street) in the Deed to the City of Oakland, recorded March 30, 1976, on Reel 4309, Image 462, Alameda County Records, distant thereon North 62° 35' 05" West, 65.45 feet from the Southerly most corner thereof; thence leaving said Southwesterly line. North 27° 24' 55" East, 6.00 feet to the point of beginning of this description; thence North 27° 24' 55" East, 4.00 feet; thence North 62° 35' 05" West, 10.50 feet; thence South 27° 24' 55" West, 4.00 feet; thence South 62° 35' 05" East, 10.50 feet to the point of beginning.

3. Being a portion of Washington Street (vacated January 21, 1972) as said Street is shown on "Boardman's Map of Oakland and Vicinity" filed in Book 17 of Maps at Page 14, Alameda County Records, described as follows:

Commencing at a point on the Southwesterly line of that certain parcel of land described as Parcel 11 (Ramp to 14th Street) in the Deed to the City of Oakland, recorded March 30, 1976 on Reel 4309, Image 462, Alameda County Records, distant thereon North 62° 35' 05" West, 19.37 feet from the Southerly most corner thereof; thence leaving said Southwesterly line North 27° 24' 55" East, 5.00 feet to the point of beginning of this description; thence North 27° 24' 55" East, 6.00 feet; thence North 62° 35' 05" West, 6.00 feet; thence South 27° 24' 55" West, 6.00 feet; thence South 62° 35' 05" East, 6.00 feet to the point of beginning.

PARCEL E-3:

An exclusive easement, appurtenant to Parcel EE above, for the construction and encroachment of certain improvements to be used as a pedestrian canopy, as granted in Section 3.7 of that certain instrument entitled "Reciprocal Easement Agreement between the OB III co-tenancy and the OB IV co-tenancy", recorded November 10, 1983, Series No. 83-213150, Official Records.

Being a portion of 14th Street and Washington Street (vacated January 21, 1972) as said streets are shown on "Boardman's Map of Oakland and Vicinity" filed in Book 17 of Maps at Page 14, Alameda County Records and further described as follows:

That portion of the following described parcel of land lying between the elevation of 37.9 feet and the elevation 68.5 feet based on the City of Oakland datum:

Beginning at the Northwest corner of the parcel of land described in the Deed to Bramalea Limited, recorded August 14, 1981, Series No. 81-138010, Official Records of Alameda County, said point of beginning being located on the Southern line of 14th Street; thence from said point of beginning along said Southern line of 14th Street South 62° 35' 05" East, 20.00 feet; thence South 27° 24' 55" West, 111.45 feet; thence North 62° 35' 05" West, 20.00 feet; thence North 27° 24' 55" East, 111.45 feet to the point of beginning.

PARCEL E-5:

An exclusive easement, appurtenant to Parcel EE above, for the construction and maintenance of foundation footings, as granted in Section 3.2 of the Easement Agreement referred to in Parcel E-3 above, and as amended by that certain instrument entitled "First Amendment to Reciprocal Easement Agreement" between the OB III co-tenancy and the OB IV co-tenancy, recorded April 2, 1987, Series No. 87-091209, Official Records, over the following described land:

That portion of the following described parcel of land lying below the elevation of 37.5 feet based on City of Oakland Datum:

Being a portion of Washington Street (vacated January 21, 1972) as said street is shown on "Boardman's Map of Oakland and Vicinity" filed in Book 17 of Maps at Page 14, Alameda County Records, and further described as follows:

Beginning at the Northwesterly corner of that certain parcel of land described in the Deed to Bramalea Limited, recorded August 14, 1981, Recorder's Series No. 81-138010, Alameda County Records, said point of beginning being on the Southwesterly line of 14th Street as said street now exists (September 1983); thence along said Southwesterly line, South 62° 35' 05" East, 8.10 feet to the outside face of the Westerly wall at the basement level of the existing Office Building III; thence leaving said Southwesterly line, along said face of wall South 27° 27' 23" West, 29.42 feet; thence leaving said outside face of wall South 62° 32' 37" East, 4.33 feet; thence South 27° 27' 23" West, 14.00 feet; thence North 62° 32' 37" West, 4.33 feet to said outside face of wall, thence along said face of wall South 27° 27' 23" West, 51.02 feet; thence continuing along said face of wall, Southerly along the arc of a 13.00 foot radius tangent curve to the left, through a central angle of 90° 02' 28", a distance of 20.43 feet; thence leaving said face of wall North 62° 35' 05" West, 21.03 feet to the Northwesterly line of said Bramalea Limited Parcel (81-138010); thence along said Northwesterly line, North 27° 24' 55" East, 107.45 feet to the point of beginning.

PARCEL E-6:

An exclusive easement, appurtenant to Parcel EE above, for the construction, maintenance and use of a truck dock, as granted in Section 3.3 of that certain Easement Agreement referred to in Parcel E-3 above, over the following described land:

Portions of Washington Street (vacated January 21, 1972) and Block 189 as said Street and Block are shown on "Boardman's Map of Oakland and Vicinity", filed April 23, 1883, in Book 17 of Maps at Page 14, Alameda County Records, and being more particularly described as follows:

That portion of the following described parcel of land lying below elevation 32.00 feet based on City of Oakland vertical datum:

Beginning at the Northwest corner of the parcel of land described in the Deed to Bramalea Limited, recorded August 14, 1981, Series No. 81-138010, Official Records of Alameda County, said point of beginning being located on the Southern line of 14th Street; thence from said point of beginning along said Southern line of 14th Street South 62° 35' 05" East, 8.10 feet; thence South 27° 24' 55" West, 34.50 feet; thence North 62° 35' 05" West, 8.07 feet; thence North 27° 24' 55" East, 34.50 feet to the point of beginning.

PARCEL E-7:

A nonexclusive easement, appurtenant to Parcel EE above, for vehicular access and for parking incidental to the loading and unloading of vehicles and equipment, as granted in Section 3.4 of that certain Easement Agreement referred to in Parcel E-3 above, over the following described land:

Being a portion of Washington Street (vacated January 21, 1972) as said street is shown on "Boardman's Map of Oakland and Vicinity", filed April 23, 1883, in Book 17 of Maps at Page 14, Alameda County Records, and further described as follows:

The portion of the following described parcel of land below elevation 32.00 feet based on City of Oakland vertical datum:

Commencing at the Northwest corner of that certain parcel of land described in the Deed to Bramalea Limited, recorded August 14, 1981, Series No. 81-138010, Official Records of Alameda County, said point of beginning being a point on the Southern line of 14th Street as said street is shown on said map; thence along the Westerly line of said parcel (81-138010) South 27° 24' 55" West, 34.50 feet to the actual point of beginning of this description; thence continuing along said Westerly line, South 27° 24' 55" West 45.00 feet; thence leaving said Westerly line, South 62° 35' 05" East, 8.04 feet to the outside face of the Westerly wall at the basement level of the existing Office Building III; thence along said face of wall North 27° 27' 23" East, 45.00 feet to a line which bears South 62° 35' 05" East from the actual point of beginning; thence leaving said outside face of wall, North 62° 35' 05" West, 8.07 feet to the actual point of beginning.

PARCEL E-8:

A nonexclusive easement, appurtenant to Parcel EE above, for the maneuvering of vehicles and equipment incidental to the loading and unloading of said vehicles, as granted in Section 3.5 of that certain Easement Agreement referred to in Parcel E-3 above, over the following described land:

Being portions of Block 190 and Washington Street (vacated January 21, 1972) as said Block and Street are shown on "Boardman's Map of Oakland and Vicinity", filed April 23, 1883, in Book 17 of Maps at Page 14, Alameda County Records and further described as follows:

That portion of the following described parcel of land lying below elevation 32.00 feet based on City of Oakland vertical datum:

Commencing at the Northwest corner of that certain parcel of land described in the Deed to Bramalea Limited, recorded August 14, 1981, Series No. 81-138010, Official Records of Alameda County, said point of beginning being a point on the Southern line of 14th Street as said street is shown on said map; thence along the Westerly line of said parcel (81-138010) South 27° 24' 55" West, 79.50 feet to the actual point of beginning of this description; thence leaving said Westerly line, South 62° 35' 05" East, 8.04 feet to the outside face of the Westerly wall at the basement level of the existing Office Building III; thence along said outside face of wall the following two courses: South 27° 27' 23" West, 14.94 feet, and Southerly and Easterly along the arc of a 13.00 foot radius tangent curve to the left, through a central angle of 90° 02' 28" a length of 20.43 feet to a point on the inside face of the Northerly wall of the basement level of the truck loading area of the existing Office Building III; thence along said face of wall, South 62° 35' 05" East, 78.49 feet to the face of the existing loading dock of said truck loading area; thence along said face of loading dock, South 27° 24' 55" West, 35.55 feet to the general Northerly line of that certain parcel of land described as Parcel 1 in the Deed to the Redevelopment Agency of the City of Oakland; recorded March 30, 1976, on Reel 4309 at Image 438 Alameda County Records; thence along said general Northerly line, North 62° 35' 05" West, 62.22 feet; thence leaving said Northerly line, North 27° 24' 55" East, 3.55 feet;

thence North 62° 35' 05" West, 18.10 feet to said general Northerly line; thence along said general Northerly line, the following two courses: North 27° 24' 55" East, 24.46 feet, and North 62° 35' 05" West, 19.20 feet to the aforementioned Westerly line of Bramalea Parcel; thence along said Westerly line, North 27° 24' 55" East, 35.49 feet to the point of beginning.

PARCEL E-9:

A non-exclusive easement appurtenant to Parcel EE for the construction, replacement, repair and maintenance of a loading dock and related facilities, including access ways for pedestrian and vehicles to said loading dock, vehicular and pedestrian access for said Parcel EE and for the construction, replacement, repair lateral support facilities and other improvement necessary or convenient in connection with the foregoing over and across the following described lands as created in by instruments recorded June 27, 1983, Series No. 83-111310, Alameda County Records and rerecorded July 3, 1985, Series No. 85-132064, Alameda County Records.

All that certain parcel of land lying beneath the elevation of 32.00 feet (based on the City of Oakland Vertical Datum) situated in the City of Oakland, County of Alameda, State of California, described as follows:

Portion of Washington Street (vacated, January 21, 1972) as said Street is shown on "Boardman's Map of Oakland and Vicinity,", filed April 23, 1883 in Book 17 of Maps at Page 14, Alameda County Records, and being more particularly described as follows:

Beginning at the Northwest corner of the parcel of land described in the Deed to Bramalea Limited, recorded August 14, 1981, Series No. 81-138010, Official Records of Alameda County, said point of beginning being located on the Southerly line of 14th Street; thence from said point of beginning along said Southerly line of 14th Street South 62° 35' 05" East, 8.10 feet to the outside face of the Westerly wall of the basement level of Office Building III, Oakland City Center, (as said face existed on April 29, 1983); thence Southerly and Southeasterly along the face of said Westerly wall South 27° 27' 23" West, 94.44 feet and along a tangent curve to the left having a radius of 13.00 feet, through a central angle of 90° 02' 28", a length of 20.43 feet; thence leaving the face of said wall South 27° 24' 55" West, 7.54 to the Easterly extension of the general Southerly line of the aforementioned Bramalea Limited Parcel (81-138010); thence Westerly along said Easterly extension and general Southerly line North 62° 35' 05" West, 21.03 feet to the Southwest corner of said Bramalea Limited Parcel (81-138010); thence along the Westerly line of said Parcel (81-138010) North 27° 24' 55" East, 114.99 feet to the point of beginning.

Being a portion of Parcel DD, Parcel Map 4976, filed February 27, 1987, Map Book 168, Page 8, Alameda County Records.

PARCEL E-9A:

All easements and rights appurtenant to Parcel EE above, contained in the Instrument entitled "Declaration of Easements, Protective Covenants, Condition & Restrictions", recorded August 27, 2013, Instrument No. 2013289944, Official Records.

APN: 002-0097-023

EXHIBIT B

[Attached]

SMRH:4839-6035-7322.1

-4-

PROPERTY DESCRIPTION

The land referred to is situated in the County of Alameda, City of Oakland, State of California, and is described as follows:

PARCEL MM:

Parcel MM, Parcel Map 5410, filed August 25, 1988, Map Book 178, Page 62, Alameda County Records.

PARCEL 182:

An exclusive easement, appurtenant to Parcel MM above, to construct, affix, install, use, maintain, repair, inspect, test, alter, reconstruct and replace the "Walkway Improvements" within the "Walkway Easement Area" (as said "Walkway Improvements" and "Walkway Easement Area" are defined in that certain instrument entitled "14th Street Driveway Easement Agreement, Agency - 1300 Clay Street" executed by and between The Redevelopment Agency of the City of Oakland and 1300 Clay Street Associates, recorded August 26, 1988, Series No. 88-217864, Official Records) as granted in Section 3.1 of said Easement Agreement.

PARCEL 183:

A nonexclusive easement, appurtenant to Parcel MM above, for reasonable access to the "Walkway Improvements" referred to in Parcel 182 above, as granted in Section 3.1 of that certain Easement Agreement referred to in Parcel 182 above.

PARCEL 184:

An exclusive easement, appurtenant to Parcel MM above, to construct, affix, use, maintain, repair, inspect, test, alter, reconstruct and replace such building materials as may be required to construct and install the "Structural Encroachment Improvements" (as said "Structural Encroachment Improvements" are defined in that certain Easement Agreement referred to in Parcel 182 above), within the area graphically depicted on Exhibit F attached to said Easement Agreement, as granted in Section 3.2 of said Easement Agreement.

PARCEL 185:

A nonexclusive easement appurtenant to Parcel MM above, for reasonable access to the "Garage Improvements" referred to in Parcel 184 above, as granted in Section 3.2 of that certain Easement Agreement referred to in Parcel 182 above.

PARCEL 186:

A nonexclusive easement, appurtenant to Parcel MM above, to construct, use, maintain, repair, alter, inspect, test, reconstruct and replace the columns, bracings, reinforcements, beams, supports, footings and foundations within the area illustrated on Exhibit E attached to that certain

SV 348019366v3

instrument entitled "Easement Agreement (Agency - 1300 Clay Street)," executed by and between The Redevelopment Agency of the City of Oakland and 1300 Clay Street Associates, recorded August 26, 1988, Series No. 88-217863, Official Records, as granted in Section 3.1 of said Easement Agreement.

PARCEL 187:

A nonexclusive easement, appurtenant to Parcel MM above, for reasonable access to the columns, bracings, reinforcements, beams, supports, footings and foundations referred to in Parcel 186 above, as granted in Section 3.1 of that certain Easement Agreement referred to in Parcel 186 above.

PARCEL 188:

A nonexclusive easement, appurtenant to Parcel MM above, for vehicular ingress and egress, as granted in Section 3.2 of that certain Easement Agreement referred to in Parcel 186 above.

PARCEL 189:

An exclusive easement, appurtenant to Parcel MM above, to construct, install, use, operate, maintain, repair, alter, inspect, test, reconstruct and replace vehicular entries and fire doors, as granted in Section 3.3 of that certain Easement Agreement referred to in Parcel 186 above.

PARCEL 190:

A nonexclusive easement, appurtenant to Parcel MM above, for reasonable access to the vehicular entries and fire doors referred to in Parcel 189 above, as granted in Section 3.3 of that certain Easement Agreement referred to in Parcel 186 above.

PARCEL 191:

A nonexclusive easement, appurtenant to Parcel MM above, for pedestrian ingress and egress, as granted in Section 3.4 of that certain Easement Agreement referred to in Parcel 186 above.

PARCEL 192:

A non-exclusive easement, appurtenant to Parcel MM above, to construct, install, use, maintain, repair, alter, inspect, test, reconstruct and replace a doorway, as granted in Section 3.4 of that certain Easement Agreement referred to in Parcel 186 above.

PARCEL 193:

A nonexclusive easement, appurtenant to Parcel MM, above, to construct, install, make connection to, use maintain, repair, alter, operate, inspect, test, reconstruct, replace and relocate water, irrigation, gas, electrical, telephone, security, fire alarm, storm sewer, sanitary sewer lines and other utility lines, services and conduits within the area shown on Exhibit D attached to that certain Easement Agreement referred to in Parcel 186 above, as granted in Section 3.5 of said Easement Agreement.

SV 348019366v3

PARCEL 194:

A nonexclusive easement, appurtenant to Parcel MM above, for reasonable access to the utility lines, services and conduits referred to in Parcel 193 above, as granted in Section 3.5 of that certain Easement Agreement referred to in referred to in Parcel 186 above.

PARCEL 195:

An exclusive easement appurtenant to Parcel MM above, to construct, use, maintain, repair, inspect, test, alter, reconstruct, replace and have reasonable access to certain "encroachments" caused by irregularities in the surface of the "Garage Roof" (as said "encroachments" and "Garage Roof" are defined in Section 4 of that certain Easement Agreement referred to in Parcel 186 above) as granted in Section 4(b) of said Easement Agreement.

PARCEL 196:

A nonexclusive easement appurtenant to Parcel MM above to construct, use, maintain, repair, inspect, test, reconstruct and replace, columns, bracings, reinforcements, beams, supports, footings, foundations and other building materials within the "Easement Area" (as said "Easement Area" is defined in that certain instrument entitled "Structural Support Easement Agreement City Square - 1300 Clay Street", executed by and between Bramalea Limited and City Square One and 1300 Clay Street Associates, recorded August 26, 1988, Series No. 88-217866, Official Records), as granted in Section 3 of said Agreement.

PARCEL 197:

A nonexclusive easement appurtenant to Parcel MM above, for reasonable access to the columns, bracings, reinforcements, beams, supports, footings, foundations and other building materials referred to in Parcel 196 above, within the area shown on Exhibit "B" attached to that certain Easement Agreement referred to in Parcel 196 above, as granted in Section 3 of said Easement Agreement.

PARCEL 197-A

All easements and rights appurtenant to Parcel MM above contained in the instrument entitled, "Declaration of Easements, Protective Covenants, Conditions & Restrictions" recorded August 27, 2013, Instrument No. 2013289944, Official Records.

APN: 002-0097-033

SV 348019366v3

This is to certify that
this is a true copy of
the document on file
in this office.

AUG -4 2023

Melissa Wilk
COUNTY CLERK-RECORDER

*Exhibit C* (handwritten)



**KnowX** | KnowX Standard | KnowX Professional | Superior | RapSheets

| Home | How it Works | Pricing | Contact Us | Site Map |

▶ My Account

▶ My Subscriptions

**Related Searches**

▸ Background Check $
▸ D&B Reports
▸ Experian Reports

**Other Info:**

▸ Search Tips
▸ Database Info
▸ Price of Search
▸ Coverage Area
▸ Example Record

*FEIN*

## DETAIL RECORD

NEW SEARCH | RETURN TO YOUR SUMMARY

| | |
|---|---|
| Business Name: | **THE STATE BAR OF CALIFORNIA** |
| Address: | 180 HOWARD STREET |
| | SAN FRANCISCO, CA   94105 |
| Tax ID (FEIN): | 946001385 |
| Duns Number: | 03-096-8895 |
| Reference Name: | CALIFORNIA UCC FILINGS |
| Date Provided: | 06-29-2002 |

Due to the nature of the origin of public record information, the public records and commercially available reports may contain errors. Source data is sometimes reported or entered inaccurately, processed poorly generally not free from defect. This product or service aggregates and reports the data, as provided by pu commercially available data sources and is not the source of the data. Before relying on any data, it shoul verified.

NEW SEARCH | RETURN TO YOUR SUMMARY

## DETAIL RECORD

Company Info | Public Records Info | Privacy Statement | Privacy at ChoicePoint | Legal

Copyright © 2006 KnowX LLC, all rights reserved.  KnowX LLC is a ChoicePoint Company. For assistance contact support.

Exhibit B



Status: Standard
Client ID:
Not Chosen

▶ My Account
▶ My Subscriptions

**Related Searches**
▶ Background Check $
▶ D&B Reports
▶ Experian Reports

Other Info:
▶ Search Tips
▶ Database Info
▶ Price of Search
▶ Coverage Area
▶ Example Record

## FEIN

## DETAIL RECORD

NEW SEARCH | RETURN TO YOUR SUMMARY

| | |
|---|---|
| Business Name: | **THE STATE BAR OF CALIFORNIA** |
| Address: | 555 FRANKLIN ST |
| | SAN FRANCISCO, CA |
| Tax ID (FEIN): | 946001385 |
| Duns Number: | 62-195-5335 |
| Reference Name: | CALIFORNIA UCC FILINGS |
| Date Provided: | 08-04-1997 |

Due to the nature of the origin of public record information, the public records and commercially available reports may contain errors. Source data is sometimes reported or entered inaccurately, processed poorly generally not free from defect. This product or service aggregates and reports the data, as provided by pu commercially available data sources and is not the source of the data. Before relying on any data, it shoul verified.

NEW SEARCH | RETURN TO YOUR SUMMARY

## DETAIL RECORD

Company Info | Public Records Info | Privacy Statement | Privacy at ChoicePoint | Legal

Copyright © 2006 KnowX LLC, all rights reserved. KnowX LLC is a ChoicePoint Company. For assistance contact support.

1 of 1